# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1421

_____

United States of America,        *
                             *

        Appellee,       *

                             *   Appeal from the United States
    v.                     *   District Court for the
                             *   District of North Dakota.

Robert William Rutherford,   *

                             *

        Appellant.     *

_____

Submitted: November 19, 2009
Filed: April 2, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Robert W. Rutherford pleaded guilty to two counts of using interstate communications to transmit a threat in violation of 18 U.S.C. § 875(c) and was sentenced to 74 months' imprisonment on consecutive 37-month sentences. On appeal, Rutherford argues that the district court[1] abused its discretion by imposing consecutive, rather than concurrent, sentences for the two counts. We disagree and affirm the judgment.

---

[1] The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

# I. *Background*

In 2006, Dean Kessel sued Rutherford for damages caused by an assault that Rutherford committed against Kessel. Richard Baer, a Bismarck, North Dakota attorney, represented Kessel. Rutherford was in custody at that time. While incarcerated, Rutherford met Kris Krumweide, who was subsequently released from jail. Thereafter, Rutherford sent Krumweide letters from jail requesting Krumweide's help in stopping Kessel and Baer from executing on Kessel's judgment against Rutherford. Rutherford offered Krumweide money and guns if he would kill Baer and Kessel. Through a third party, Rutherford offered Krumweide instructions on where to find guns and shotgun shells in a house in South Dakota. Rutherford also sent Krumweide maps showing where Baer and Kessel lived in Bismarck and where Baer's law office was located. Rutherford also sent Krumweide pictures of Kessel's house and the name of Baer's secretary. Rutherford promised to pay Krumweide $15,000 once he killed Baer and Kessel.

Rutherford sent Krumweide some money, but Krumweide instead contacted Baer and gave him the letters and maps, which Baer then turned over to authorities. Rutherford was indicted on January 9, 2008, on three counts of conspiracy to use interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958, and two counts of using interstate communications to transmit a threat, in violation of 18 U.S.C. § 875(c). On November 24, 2008, Rutherford pleaded guilty to the two counts of using interstate communications to transmit a threat in exchange for the government dropping the § 1958 charges.

At Rutherford's change-of-plea hearing, the parties agreed that the Sentencing Guidelines range for each count would likely be "30-37 months or certainly no greater than 37-46." The government recommended "seven years incarceration, which would require . . . consecutive terms." Through counsel, Rutherford responded that "if the court imposes a sentence which the government recommends, we likely would take the position that that is above the Guideline range and have that right to proceed [with

appeal]." The district court informed Rutherford that the maximum penalty for each of the two charges was up to five years' imprisonment and "[s]o you're looking at the possibility in this case of a maximum of ten years of imprisonment . . . ." The court also informed Rutherford that the sentences could be either consecutive or concurrent sentences.

The district court sentenced Rutherford to 74 months' imprisonment. Both Baer and Kessel testified at the sentencing hearing. Baer testified that he continued to fear Rutherford, even though Rutherford was in custody. The letters and maps Rutherford sent to Baer were admitted at the sentencing hearing. The government offered photos of Kessel's assault injuries taken while he was in the emergency room.

The parties agreed that the Sentencing Guidelines range for each offense was 37 to 46 months' imprisonment, which the district court accepted. The government requested a 74-month term of imprisonment (two consecutive 37-month sentences), while Rutherford argued for concurrent sentences within the 37-to-46 month range. The district court stated that "[i]n imposing a consecutive sentence, I've considered not only Chapter 3, but particularly Section 5G1.2 of the Sentencing Guidelines that address sentencing in multiple counts." The court also discussed its consideration of the 18 U.S.C. § 3553(a) factors.

II. *Discussion*

Rutherford's lone argument on appeal is that the district court misapplied § 5G1.2 of the Sentencing Guidelines and as a result abused its discretion in ordering consecutive, rather than concurrent, sentences. Rutherford argues that the district court could not have sentenced him to more than the statutory maximum sentence of 60 months. Rutherford bases his argument on 18 U.S.C. § 875(c), U.S.S.G. § 5G1.2(c), as well as *United States v. Rogers*, 423 F.3d 823 (8th Cir. 2005), and *United States v. Ervasti*, 201 F.3d 1029 (8th Cir. 2000). These authorities, Rutherford contends, require that his sentences run concurrently, not consecutively.

In response, the government argues that the district court properly considered the Guidelines, as well as other sentencing factors in § 3553(a) when it sentenced Rutherford to a 74-month consecutive term of imprisonment. The government argues that § 5G1.2 is not controlling, but advisory and that the district court has discretion to impose either consecutive or concurrent sentences under 18 U.S.C. § 3584.

Our review of criminal sentences is limited. *Gall v. United States*, 552 U.S. 38, 46 (2007). We review interpretation of the Sentencing Guidelines de novo and a district court's application of the Guidelines to the facts for clear error. *United States v. Rollins*, 552 F.3d 739, 742 (8th Cir. 2009). We review all sentences, including sentences that vary from the Guidelines, for an abuse of discretion. *Gall*, 552 U.S. at 51.

Generally, the district court retains broad statutory authority to impose a sentence to run consecutively with or concurrently to an undischarged term of imprisonment. *United States v. Meyers*, 401 F.3d 959, 961–62 (8th Cir. 2005); 18 U.S.C. § 3584(a). Therefore, we review the district court's decision to impose consecutive sentences for reasonableness. *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006).

Rutherford argues that § 5G1.2 governs the district court's consecutive sentencing discretion. Section 5G1.2 states, in relevant part:

(c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total

punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

In *Ervasti*, we defined the phrase "total punishment" to mean "the precise sentence determined by the sentencing judge from within the appropriate [G]uidelines range." 201 F.3d at 1045–46. In *United States v. Diaz*, we confirmed that "§ 5G1.2(d) mandates consecutive sentences in those cases in which the total punishment exceeds the statutory maximum for any one count . . . ."  296 F.3d 680, 684 (8th Cir.) (en banc), *cert. denied*, 537 U.S. 940 (2002). In *Rogers*, we further explained the Guidelines process for determining the correct sentence with multiple counts of conviction:

> When the defendant has been convicted of multiple offenses . . .  [a] sentence equal to the "total punishment" is . . . imposed on each count (or the statutory maximum sentence, if less), and the individual sentences are imposed to run concurrently, unless the count carrying the highest statutory maximum is less than the total punishment, in which case consecutive sentencing is employed to produce a combined sentence equal to the total punishment . . . . Once the total punishment is determined, Part 5G directs the court to sentence multiple counts of conviction as an interdependent package, and to use consecutive as well as concurrent sentencing to construct a combined sentence equal to the total punishment.

423 F.3d at 828–29 (internal quotations and citations omitted).

Rutherford's reading of this Guidelines section is correct—the "total punishment" imposed by the district court (37 months) on each count should generally be less than the statutory maximum for the count with the highest statutory maximum (60 months). Notwithstanding, § 5G1.2 is not controlling in this case. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (requiring a sentencing court to consider Guidelines ranges, but permitting the court to tailor the sentence in light of other

statutory concerns as well). A sentencing court should consider the Guidelines calculation as a first step to finding a reasonable sentence. *United States v. Haack*, 403 F.3d 997, 1002–03 (8th Cir. 2005). But the Guidelines cannot mandate a sentence within the calculated range or concurrent sentencing. In this case, 18 U.S.C. § 3584 and 18 U.S.C. § 3553 are relevant "statutory concerns" for the district court to consider in reaching its ultimate sentence.

18 U.S.C. § 3584 states in relevant part:

(a) Imposition of concurrent or consecutive terms—If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently *unless the court orders* . . . that the terms are to run consecutively.

(b) Factors to be considered in imposing concurrent or consecutive terms—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(Emphasis added.)

The applicability of § 5G1.2 to cases involving multiple counts is narrow. Section 5G1.2(d) directs a district court to impose consecutive sentences on multiple counts of conviction when no single count of conviction carries a statutory maximum sentence that would permit imposition of the "total punishment" as calculated under the Guidelines. This situation does not describe Rutherford's case. Notably § 5G1.2 does not alternatively limit the district court's discretion to sentence consecutively when the total punishment is *less* than the statutory maximum. In other words, § 5G1.2 does not describe the only time a court may impose consecutive sentences.

The now-advisory Guidelines are consistent with § 3584; the Guidelines advise the district court to exercise discretion (with some exceptions) in imposing a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

In fashioning sentences, whether concurrent or consecutive, a district court must still continue to determine the appropriate Guidelines range and then consider the § 3553(a) factors. *United States v. Gramling*, 417 F.3d 891, 896 (8th Cir. 2005). Here, the district court considered the Guidelines range, which the parties agreed was properly calculated to be between 37 to 46 months. Next, the district court considered the factors set forth in § 3553(a), as required by § 3584(b) and our precedents, in order to determine whether to impose a consecutive or concurrent sentence. *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008). After specifically commenting on the egregiousness of the letters that Rutherford mailed to Krumweide—which included Rutherford's intent to kill—the district court explained how it reached the decision to sentence consecutively:

> I've carefully reviewed and considered not only the sentencing guidelines, but the presentence report, arguments of counsel, elocution of Mr. Rutherford in this case. I'm very familiar with each and every one of the factors that I'm required to consider under 18 U.S.C. 3553(a) in imposing a sentence, and I have considered all of those factors in this case.

"'[W]e do not require a district court to categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered.'" *United States v. Austad*, 519 F.3d 431, 436 (8th Cir. 2008) (quoting *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006)). In this case, the district court could have more clearly articulated the correct authority for the imposition of consecutive sentences. In fact, the court completely omitted a discussion

of § 3584 in making its sentencing decision. Yet, the § 3553(a) factors were properly considered, as required by § 3584, and, given the evidence, the district court's imposition of consecutive sentences was not an abuse of discretion.

Finally, Rutherford's sentence is reasonable, even if the consecutive sentence is characterized as an upward variance from the Guidelines. In *Austad*, we found that an 84-month sentence for one count of mailing threatening communications was reasonable where the defendant's Sentencing Guidelines range was 37 to 46 months. 519 F.3d at 436. The defendant in *Austad* threatened to kill a federal judge. *Id*. at 433. We found that the district court properly considered the seriousness of the offense, which warranted an upward variance. *Id*. at 435. In the present case, the district court similarly considered the seriousness of the offense before imposing consecutive sentences, as indicated in the following colloquy:

> And I probably would have been inclined to impose a concurrent sentence until I read the letters last week, and, quite frankly, they were disturbing letters to me, and there were 12, 13, 14 of them. And I know the word is never mentioned in those letters, that you intend or want Mr. Krumweide to kill Mr. Baer or Mr. Kessel, but that's how I would have interpreted those letters. They weren't letters just to make some scare tactics directed at both of those gentlemen. They were pretty clear, I think, in the tenor of the letters what the intent was. . . . I received and [have] been made aware of letters like that directed to myself, there's only one way that I would interpret them, and those would be death threats. And I think they're all rather serious letters, and because of that, I think that a consecutive sentence is appropriate. . . .

Applying *Gall*, which instructs that the sentencing judge "is in a superior position to find facts and judge their import under § 3553(a) in the individual case," 552 U.S. at 51 (citation omitted), we cannot say the district court sentenced Rutherford to an unreasonable term. Countering the argument that Rutherford's sentence was considered "unusually harsh," we note that the district court not only

alerted Rutherford to the possibility of the consecutive sentence at his change-of-plea hearing but also explained the sentence with "sufficient justifications." *Id.* at 46. In this case, the district court reasonably concluded that 74 months' imprisonment is an appropriate punishment after discussing the relevant § 3553(a) factors.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____