# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2199

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *    Appeal from the United States
      v.                           *    District Court for the
                                   *    Northern District of Iowa.
Michael Jarvis,                    *
                                   *
            Appellant.             *

_____

Submitted: April 14, 2010
Filed: May 28, 2010

_____

Before WOLLMAN, MURPHY, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Michael Jarvis appeals the 175-month sentence imposed upon him following his conviction for being a felon in possession of a firearm and possession of stolen firearms, in violation of 18 U.S.C. §§ 922 and 924. Jarvis argues that the district court[1] abused its discretion when imposing an above guidelines sentence via partially consecutive sentences. We affirm.

_____

[1]The Honorable Mark E. Bennett, United States District Judge for the Northern District of Iowa.

I.

At sentencing, the district court considered the recommendations of the presence investigation report (PSR). The PSR grouped Jarvis's two convictions together and computed a base offense level of 20. The PSR recommended a ten-level enhancement based on the numerous firearms, some of which were stolen and used in another offense, and Jarvis's obstruction of justice. With a three-level reduction for acceptance of responsibility, the total offense level was 27. Jarvis's criminal history category was IV and consequently his guidelines range was 100 to 125 months' imprisonment. Because the statutory maximum under 18 U.S.C. § 924 was ten years' imprisonment on each count, the PSR recommended a 120-month sentence on count one; a 120-month sentence on count two, with five months running consecutively; for a total sentence of 125 months' imprisonment.

The district court considered the factors set forth in 18 U.S.C. § 3553(a) and determined that an above guidelines sentence of 175 months' imprisonment was appropriate. Accordingly, the court sentenced Jarvis to 120 months' imprisonment on the first count and 120 months' imprisonment on the second count. The court ordered that five months of the sentence for the second count run consecutively to the sentence for the first count, bringing the sentence to the top of the guidelines range. Relying on 18 U.S.C. §§ 3553(a) and 3584, the court then varied upward from the guidelines, and imposed an additional fifty months of the sentence for the second count to run consecutively to the sentence for count one.

II.

We review the district court's sentence for an abuse of discretion. United States v. Azure, 596 F.3d 449, 456 (8th Cir. 2010). The district court's decision to impose consecutive or concurrent sentences is reviewed for reasonableness. United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010).

Under 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at the same time, they will run concurrently "unless the court orders or the statute mandates that the terms are to run consecutively." When determining whether the terms of imprisonment are to run concurrently or consecutively, the court must consider the factors enumerated in 18 U.S.C. § 3553(a), including the sentencing guidelines. 18 U.S.C. § 3584(b).

During sentencing, the court discussed the factors under § 3553(a) that supported consecutive sentences: the firearms were stolen during a burglary committed for revenge; Jarvis had egregiously obstructed justice; Jarvis was undeterred by prior incarceration; Jarvis's prior criminal history was violent; and the public needed protection from Jarvis's further crimes. The court noted that Jarvis's mental illness was a mitigating factor, but found that Jarvis's failure to seek treatment for his illness increased the likelihood that he would commit future crimes.

Jarvis argues that U.S.S.G. § 5G1.2 prohibited his sentence. We disagree. Under U.S.S.G. § 5G1.2(c), multiple sentences are to run concurrently "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment." If such sentence is inadequate, "then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).

Although the court must consider the guidelines when fashioning an appropriate sentence, United States v. Booker, 543 U.S. 220, 245 (2005), the guidelines do not control whether sentences run concurrently or consecutively. Rutherford, 599 F.3d at 821; see also United States v. Hollis, 552 F.3d 1191, 1195 (10th Cir.), cert. denied 129 S. Ct. 2419 (2009) (holding that § 5G1.2(d) is advisory after Booker); United States v. Eversole, 487 F.3d 1024, 1033 (6th Cir. 2007) (same); United States v. Kurti, 427 F.3d 159, 164 (2d Cir. 2005) (same). When seeking to impose an above

guidelines sentence via consecutive terms of imprisonment, the court must articulate (1) why an above guidelines sentence is sufficient, but not greater than necessary under § 3553(a); and (2) why consecutive terms of imprisonment are reasonable under § 3584, in light of the § 3553(a) factors. Rutherford, 599 F.3d at 821; United States v. Winston, 456 F.3d 861, 867 (8th Cir. 2006).

The district court explained why an above guidelines sentence of 175 months' imprisonment was sufficient, but not greater than necessary under § 3553(a). It found that a sentence within the guidelines range would neither reflect Jarvis's egregious obstruction of justice nor address the fact that his statements at sentencing were inconsistent with an acceptance of responsibility. It found that the public was in need of protection from Jarvis in light of his significant criminal history, which included violence and bizarre behavior. The court also explained the justification for imposing partially consecutive sentences, discussing the § 3553(a) factors and citing § 3584. An above guidelines sentence was appropriate in this case. The district court adequately explained why partially consecutive sentences were reasonable, and it did not abuse its discretion in sentencing Jarvis as it did.

III.

The sentence is affirmed.

_____

-4-