BRIGHT, Circuit Judge,
dissenting.
I respectfully dissent.
The majority acknowledges that the extent of the variance, coupled with the length of the sentence, gives it pause. Maj. op. at 1037-38. But it reasons that it cannot overturn the sentence because the court did not abuse its discretion.
I disagree. While I support the district court’s sentencing discretion, and hold this particular judge in the highest regard, I cannot agree with the imposition of such an excessive sentence on the record before this court. The sentence is substantively unreasonable because the variance from the sentencing guidelines lacks sufficient justification. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (en banc) (holding that a district court must “consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.” (internal quotations omitted)).
Under the sentencing guidelines, Foy faced a 210-262 month (17.5 years-21 years, 10 month) sentence. The district court imposed a sentence of 480 months (40 years), approximately double that of the recommended guideline range. The district court justified its forty-year sentence mostly on the nature and circumstances of Foy’s present crime and his criminal history.
The court considered the 18 U.S.C. § 3553(a) factors, but the record does not support this variance of two times the guideline range. The district court expressed the most concern over Foy’s criminal history. That record reflects that over the past decade, Foy engaged in several altercations, leading to various assault charges. He also has been cited for several minor offenses. His most serious crimes include second- and third-degree burglary. Without question, Foy’s criminal history is lengthy. But his offenses are not excessively severe or extraordinary to justify what amounts to a life sentence.
Foy’s difficult childhood should be weighed against his criminal background. The presentence report documents a turbulent and unstable childhood. Foy’s parents were never married and suffered from a history of substance abuse. Foy’s mother, absent from much of his childhood, played little role in his upbringing. At age eight, Foy moved into a boys’ home, beginning a series of juvenile placements. By age nine, Foy started receiving treatment for psychiatric problems, including adjustment disorder and mild retardation.
Mental health professionals later diagnosed him with conduct disorder of adolescence and impulse control disorder. Pro *1039 fessionals more recently diagnosed him with antisocial personality disorder and borderline personality traits. Foy’s mental health concerns were magnified by his substance abuse problems. Foy began smoking marijuana at age twelve, and within one year, he used the substance on a daily basis. Foy began consuming alcohol at age fourteen and admits to snorting cocaine.
The district court did not find the lack of parental guidance and substance abuse “substantially mitigating.” At the time of sentencing, Foy was nearly twenty-eight years of age. He had never finished high school. What we have here is an African American man who did not receive much of an education, nor has he received many opportunities to make a useful life for himself. Adding his forty-year sentence to his existing incarceration for the crime of second-degree burglary likely amounts to a life sentence.
The district judge decided in essence that Mr. Foy had led a worthless criminal life and would continue to do so. Thus, the court adopted the principle—jail him now and throw away the key.
I disagree with the district court that committing the crime of mailing threatening communications warrants a forty-year sentence, even with Foy’s background. While this is a serious offense, it did not result in physical harm to another individual. Yet the district court imposed a longer sentence than that which many murderers might receive.
Although the district court was not required to provide notice that it intended to vary upward from the guideline range, see Irizarry v. United States, 553 U.S. 708, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008), I comment that in this case, where the sentence is almost double that of the guideline range, notice would have improved the sentencing process. The record reflects that the district court did not inform Foy that he could be subject to forty years’ imprisonment. At Foy’s change-of-plea hearing, the district court stated that “[ujnder Counts 1, 2, and 4 ... [Foy faced] a maximum possible imprisonment of 5 years” and that “[o]n Counts 3 and 5 there’s a maximum possible ... imprisonment of 20 years in prison.” The district court did not inform Foy that the twenty-year sentence could be run consecutively to another twenty-year sentence. Had Foy received notice of the district court’s intent to vary so significantly from the sentencing guidelines, he could have introduced evidence that the record did not support an extreme variance. Cf. United States v. Rutherford, 599 F.3d 817, 822 (8th Cir.2010) (affirming a sentence based on consecutive sentences because the district court at the change-of-plea hearing alerted the defendant to the possibility of consecutive sentencing and sufficiently justified the sentence).
Moreover, the heavy sentence rests on consecutive sentences of twenty years for counts 3 and 5. Those counts recite extortion crimes, in which Foy, while in prison, wrote letters to S.K., threatening to kill her and others unless she paid him money. These were serious crimes. Yet these letters were part of related transactions, written and delivered within two weeks of each other, and the prison terms were imposed at the same sentencing hearing. It would seem such a relationship of the crimes would usually call for concurrent sentences.
In this case, we are dealing with a difficult subject: recidivism. Certainly the district court possesses more experience on this subject than appellate judges. But in this case experts with specialized knowledge about recidivism may have aided the district court in sentencing Foy. This record does not provide enough justification to sentence Foy to forty years in prison. I *1040 would vacate the sentence. The case should be remanded so that Foy and the government may have an opportunity to introduce expert testimony addressing the risks of recidivism.