# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1133

———————

United States of America,

          Appellee,

v.

Tony Terrell Golden,

          Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: September 20, 2010
Filed: September 29, 2010

———————

Before BYE, BEAM, and SMITH, Circuit Judges.

———————

PER CURIAM.

Tony Terrell Golden pleaded guilty to one count of conspiracy to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and one count of possession of fifty grams or more of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court[1] calculated an initial advisory Guidelines sentencing range of 135-168 months, based upon Golden's total offense level of 30 and category IV criminal history. The district court ultimately imposed concurrent 180-month terms of imprisonment on the two

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

counts, which constituted a 12-month upward variance from the Guidelines range. Golden appeals, arguing the district court abused its discretion by imposing an upward variance and the 180-month sentence was unreasonable.

We generally review all sentences, including those that vary from the Guidelines, for an abuse of discretion. United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010). Because Golden failed to object to the form of the sentence in the district court, we review his allegations of procedural error for plain error. United States v. Lewis, 593 F.3d 765, 772 (8th Cir. 2010). We may only reverse his sentence if the court committed error, that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. (citing United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc)).

First, we review for significant procedural error, including "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.'" United States v. Johnson, 572 F.3d 449, 454 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). We then review for substantive reasonableness under the deferential abuse of discretion standard. Id.

In this case, the district court based its upward variance, in large part, on Golden's prior Arkansas conviction for first-degree attempted murder in November 2000. The conviction resulted in a sentence of 120 months' imprisonment, from which Golden was subsequently paroled three times. In addition to his parole revocations, Golden received disciplinary action and loss of good time while incarcerated for failure to obey staff (sixteen times), assault (six times), unexcused absence from work (five times), battery (three times), and a number of other violations.

At sentencing, Golden objected to the factual allegations contained in the Presentence Investigation Report (PSR) describing the basis of the Arkansas conviction. The PSR noted that six individuals were involved in an altercation, during which the victim pulled a gun from Golden's pocket, but Golden "out muscled" the victim and took the gun back. Golden fired the gun at the victim as the latter walked backwards from Golden, resulting in hospitalization for the victim. Police officers later recovered over forty grams of crack cocaine at the crime scene, but they never located the firearm used by Golden.

Golden contends the district court erred in imposing an upward variance based on the limited record available for the Arkansas conviction. Specifically, Golden claims it was improper for the court to conclude both at sentencing and in a follow-up sentencing memorandum that, "but for Golden's poor aim," he would likely be serving a life sentence for the Arkansas conviction. Second, Golden contends it was improper for the court to consider the sentence and the parole determination to have been unfairly lenient, and therefore grounds for increased punishment. Finally, Golden argues there was an insufficient factual basis in the record for the court to conclude the incident underlying the conviction was "part of a crack cocaine deal gone bad or in awfully close proximity to a crack cocaine deal." Golden acknowledges police located forty grams of crack cocaine at the scene of the crime, but he argues there was no indication the drugs were involved in the shooting.

After careful review of the record, we reject Golden's challenge to the district court's upward variance. The district court adequately explained its decision to vary based on its lengthy discussion of the § 3553(a) factors, particularly the history and characteristics of the defendant. See United States v. McKinzie, 557 F.3d 931, 933 (8th Cir. 2009) (holding the district court provided an adequate justification for its upward variance based on its analysis of the § 3553(a) factors). The court discussed the circumstances surrounding Golden's first-degree attempted murder conviction, and it concluded the conviction was supported by police reports describing the incident.

-3-

In addition, Golden's counsel acknowledged at sentencing that the conviction itself required Golden to maintain an intent to murder the victim, which clearly troubled the district court, particularly when comparing the three criminal history points assessed for the offense to other offenses such as felony check fraud that would also be assessed the same number of points.

In addition, the court found a number of other aggravating factors, including Golden's lack of employment history, his multiple parole revocations, and his "pure greed" in dealing crack cocaine for money, despite not being a user. Finally, the court concluded its sentence was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes by the defendant. As a result, we reject Golden's claim of procedural error because the court expressly or impliedly considered each of the § 3553(a) factors in explaining its decision to vary upward. See United States v. Jarvis, 606 F.3d 552, 554 (8th Cir. 2010) (holding the district court did not abuse its discretion where it considered the § 3553(a) factors and adequately explained its upward variance). Further, any suggestion by Golden that the district court was not entitled to vary upward based on criminal history because that history was already accounted for in the Guidelines has been rejected by this court on numerous occasions. See, e.g. United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009); United States v. Jones, 509 F.3d 911, 914 (8th Cir. 2007).

Giving the district court due deference in its determination that the § 3553(a) factors justify an upward variance, see Barrett, 552 F.3d at 727, we also conclude Golden's sentence is not substantively unreasonable because the 180-month sentence was sufficient, but not greater than necessary, to accomplish the goals set forth in § 3553(a).

We affirm Golden's sentence and the judgment of the district court.

_____