**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4011**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

THOMAS RUGGERIO HINSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:11-cr-00320-WO-1)

Submitted:  June 24, 2013            Decided:  July 18, 2013

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury,
North Carolina, for Appellant. Ripley Rand, United States
Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Ruggerio Hinson was charged with possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Counts One and Three) and possession of an unregistered firearm, 26 U.S.C. § 5861(d) (2006) (Count Two). In accordance with a written plea agreement, Hinson pled guilty to Counts One and Three. He was sentenced to 120 months on Count One and seventy-two months, consecutive, on Count Three. Hinson appeals, claiming that his sentence is unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first examine the sentence for "significant procedural error." Id. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, we may presume that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Hinson first asserts that his sentence is unreasonable because, even though the offenses of conviction were the same, he received a significantly higher sentence on Count One. This claim is without merit. In the case of multiple counts of conviction, the Guidelines require that if the "total

2

punishment" exceeds the highest statutory maximum, the district court "shall" impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. U.S. Sentencing Guidelines Manual § 5G1.2(d) (2011). "Total punishment . . . [is] the precise sentence determined by the sentencing judge from within the appropriate [G]uidelines range." United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010) (internal quotation marks omitted).

Here, the Guidelines range was 168-210 months, and the district court determined that a 192-month sentence would be the total punishment. Because Hinson was statutorily subject to a maximum of ten years on each count, see 18 U.S.C. § 924(a)(2) (2006), the district court followed the mandated procedure and sentenced him to 120 months on Count One, to be followed by seventy-two months on Count Three, thereby achieving the within-Guidelines total punishment of 192 months.

We also reject Hinson's claim that his sentence was substantively unreasonable in light of his mental problems. The district court provided a comprehensive explanation of the chosen sentence, appropriately weighing the 18 U.S.C. § 3553(a) (2006) sentencing factors. The court stated that it had considered a psychological evaluation, which disclosed that Hinson had certain mental health and cognitive issues. However, the court determined that other factors, including the serious

nature of the instant offenses and Hinson's criminal history, warranted the selected sentence. We conclude that the district court provided an adequate explanation of the sentence, taking into consideration the relevant § 3553(a) factors.

Our review of the record establishes that Hinson's arguments on appeal are without merit and that his presumptively reasonable, within-Guidelines sentence is procedurally and substantively reasonable. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4