# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2573

_____

United States of America

*Plaintiff - Appellee*

v.

Erwin Shane Stamper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 10, 2014
Filed: May 9, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Erwin Shane Stamper pled guilty to one count of assaulting an officer or employee of the United States in violation of 18 U.S.C. § 111(a)(1) and (b), and was sentenced to 168 months to be served consecutively to an 84 month sentence imposed for a prior assault that occurred in August 2009. On appeal Stamper argues that the

district court[1] erred by imposing a consecutive sentence rather than concurrent terms. We affirm.

Stamper was indicted in September 2011 for assaulting a fellow inmate while incarcerated at a federal correctional institution in Forrest City, Arkansas in August 2009, in violation of 18 U.S.C. § 113(a)(6). The victim had been beaten so severely in that attack that he needed facial reconstructive surgery and a tracheostomy; he continues to suffer from memory loss from his brain injury. Following the indictment Stamper was transferred from the federal correctional institution in California where he had been housed, to a federal detention center in Dallas County, Arkansas to await arraignment.

While in pretrial detention in Dallas County in March 2012, Stamper was involved in another assault. He and several other inmates had been drinking homemade wine in the cell of inmate Mike Meilke when a fight broke out. Two prison guards entered the cell to break up the fight, but were forced to retreat for their own safety. After positioning himself behind the door of the cell, Stamper tried to get a guard's attention with the help of another inmate. When a guard responded and entered the cell, Stamper stabbed him in the neck with a metal shank. Surveillance video showed the inmates laughing and hugging each other after the attack.

In August 2012 a grand jury returned an indictment against Stamper for two counts stemming from the Dallas County attack: assaulting an officer or employee of the United States in violation of 18 U.S.C. § 111(a)(1) and (b), and possession of a prohibited object in prison in violation of 18 U.S.C. § 1791(a)(2). Stamper pled guilty to the first count in March 2013. The plea agreement recommended a prison sentence of 84 months to be served consecutively with any sentence received from the August

---

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2009 assault. On the same day Stamper pled guilty to the August 2009 assault; the plea agreement in that case also recommended a consecutive 84 month prison sentence. Both plea agreements provided that the district court was not bound by the sentencing recommendations, and they specified that Stamper would have the opportunity to withdraw his plea if the court rejected an agreement under Federal Rule of Criminal Procedure 11(c)(5).

Sentencing in both cases took place on July 12, 2013. Judge James M. Moody presided over the sentencing for the August 2009 assault. He rejected the plea agreement and gave Stamper the option of withdrawing his plea or proceeding under it despite the possibility of a less favorable sentence. Stamper persisted with his plea, and the district court sentenced him to 108 months imprisonment to be served consecutively to any sentence received for the March 2012 assault. Upon discovery of an error in calculating the applicable sentencing guideline range, the 108 month sentence was later amended to an 84 month consecutive prison term. Stamper has not appealed from this sentence.

At the sentencing hearing for the March 2012 assault now under review, Judge Webber Wright determined that the applicable sentencing guideline range was 151 to 188 months. She also explained that she was "not inclined" to accept the 84 month sentence in the plea agreement because of Stamper's violent criminal history. Counsel for the government responded that this plea agreement was drafted in conjunction with that for the August 2009 assault and explained that if the sentences were imposed consecutively, the combined fourteen years would be acceptable to both the government and the victims. Stamper argued that if both cases had been charged in a single indictment, the proper guideline range would have been 151 to 188 months for each count, which if applied concurrently would have led to a sentence of 14 to 16 years, an equivalent sentence to that created by the consecutive 84 month sentences agreed to by the parties. Stamper acknowledged that if the charges had been brought in one indictment, the court would have had the discretion to run the sentences for

each count concurrently or consecutively, but he argued that the 18 U.S.C. § 3553(a) factors should "tip[] the balance in favor of concurrent sentencing."

The district court concluded that in light of Stamper's "very serious and violent criminal history[,] . . . an 84-month sentence, even one consecutive to the one Judge Moody has imposed[,] is insufficient under all the sentencing factors listed in . . . Section 3553(a)." It therefore rejected the plea agreement and asked the parties to present argument on an appropriate sentence and whether it should be concurrent or consecutive to that for the August 2009 assault. Counsel for Stamper emphasized his client's difficult childhood, history of mental health issues, and the fact that his crime involved "a bunch of drunk kid inmates working together on a scenario," and asked for a 108 month sentence to be served consecutively to the sentence that had been imposed by Judge Moody. The government declined to take a position on a sentence outside of the plea agreement.

After taking into consideration the presentence report, defense counsel's argument, and the § 3553(a) factors, the district court sentenced Stamper to 168 months imprisonment to be served consecutively to the sentence imposed by Judge Moody, three years of supervised release to run concurrently with the term Judge Moody had imposed, and a $100 special assessment. In explaining its within guideline range sentence, the court stated that it found Stamper to be "a very violent individual," and that it had "no confidence that if [it] gave him a shorter sentence that he would not be released and cause additional harm to people in the free world." After a short recess to consult with his attorney, Stamper chose to maintain his guilty plea. The court accepted the plea and imposed the 168 month consecutive sentence. Stamper now appeals, arguing that the district court erred by imposing a consecutive sentence.

When either "multiple terms of imprisonment are imposed on a defendant at the same time," or "a term of imprisonment is imposed on a defendant who is already

subject to an undischarged term of imprisonment," a district court retains broad authority to impose the terms either consecutively or concurrently. 18 U.S.C. § 3584(a); see also United States v. Meyers, 401 F.3d 959, 961 (8th Cir. 2005). In determining whether to impose a concurrent or consecutive sentence, a district court "shall consider . . . the factors set forth in section 3553(a)." Id. § 3584(b). Among the factors the court must consider are "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to protect the public from further crimes," and the relevant sentencing guidelines as issued by the Sentencing Commission. Id. § 3553(a). We review the district court's ultimate decision to impose a consecutive rather than concurrent sentence for reasonableness. United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010). In making this determination we review the district court's factual findings for clear error and the application of the sentencing guidelines de novo. Id.

We conclude that the district court properly applied the statutory direction in § 3584(b) to consider the § 3553(a) factors in imposing a consecutive sentence here. See United States v. Fight, 625 F.3d 523, 525–26 (8th Cir. 2010). The record shows that the district court considered the recommended guideline range and properly weighed the presentence report, argument of counsel, and the § 3553(a) factors before imposing a consecutive sentence. See Rutherford, 599 F.3d at 821. In reaching its decision the district court cited Stamper's history of violent conduct, the seriousness of the instant offense, and the need to protect the public. The court expressed concern that Stamper "continues to commit horrible crimes," and expressed its hope that this sentence "will be . . . sufficiently long for Mr. Stamper to mature a bit," and "reflect on his violent nature." These factors are all relevant in a proper § 3553(a) analysis.

Stamper's sole argument on appeal is that the two assaults were related and thus sentencing should have been guided by § 5G1.2 of the sentencing guidelines, which provides that sentences on multiple counts of conviction shall run concurrently, "[i]f the sentence imposed on the count of conviction carrying the highest statutory

maximum is adequate to achieve the total punishment." U.S.S.G. § 5G1.2(c). This argument is unpersuasive here, however. Even where the guidelines recommend concurrent sentencing, "the district court has broad statutory authority, pursuant to 18 U.S.C. § 3584, to impose consecutive terms." Fight, 625 F.3d at 525; see also United States v. Jarvis, 606 F.3d 552, 554 (8th Cir. 2010) ("[T]he guidelines do not control whether sentences run concurrently or consecutively."). Based on the record here and the district court's sentencing analysis, we conclude that its imposition of a consecutive sentence was substantively reasonable.

Accordingly, the judgment of the district court is affirmed.

_____