# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2461

_____

United States of America

*Plaintiff - Appellee*

v.

Sean M. Meadows

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 11, 2016
Filed: February 19, 2016
[Unpublished]

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sean Meadows pled guilty, without a plea agreement, to three counts of mail fraud, seven counts of wire fraud, and one count of money laundering, in violation of 18 U.S.C. §§ 1341, 1343, and 1957. His convictions arose from a $13 million Ponzi scheme he orchestrated in Minnesota. At the change-of-plea hearing, the district court noted that the statutory maximum sentence for mail and wire fraud was

20 years, or 240 months, imprisonment. The court also noted that the statutory maximum sentence for the single count of money laundering was 10 years, or 120 months. (Change-of-Plea Tr. at 14-15.)

At sentencing, the district court heard from several victims of the Ponzi scheme about the impact the fraud had on their lives and from government agents on how Meadows committed the fraud. The court then overruled Meadows's objection to the application of the sophisticated means enhancement and the violation of securities law enhancement. The court sustained the government's objection to the presentence investigation report's recommendation of an acceptance of responsibility reduction but overruled the government's objection to the lack of an enhancement for obstruction of justice. The district court determined Meadows's total offense level was 39. Based on Meadows's category I criminal history, his Sentencing Guidelines range was 262 to 327 months. The government requested 360 months imprisonment, but the district court sentenced Meadows to 300 months imprisonment. Meadows appeals, challenging the enhancements for sophisticated means and for violating security laws. He also claims the sentence is substantively unreasonable.

In its brief, the government concedes that the court committed error when it sentenced Meadows to 300 months imprisonment because the sentence was imposed as 300 months on Counts 1-3 (the mail fraud counts), 300 months on Counts 4-10 (the wire fraud counts), and 120 months on Count 12 (the money laundering count), all to run concurrently. Neither the government nor Meadows alerted the district court to the court's error of imposing a sentence greater than the statutory maximum for the mail and wire fraud convictions at sentencing. On appeal, the government acknowledges that the statutory maximum sentence for the mail and wire frauds was 240 months. See 18 U.S.C. § 1341 (20 year statutory maximum sentence for mail fraud); § 1343 (20 year statutory maximum for wire fraud). The government asks this court to modify the district court's 300-month sentence by imposing a 240-month sentence on the mail and wire fraud counts and 60-months on the money laundering

count to be served consecutively to the mail and wire fraud counts, thus resulting in a total sentence of 300 months imprisonment.

We decline the government's request. "Under 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at the same time, they will run concurrently 'unless the court orders or the statute mandates that the terms are to run consecutively.'" United States v. Jarvis, 606 F.3d 552, 553 (8th Cir. 2010) (quoting § 3584(a)). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). While the district court here considered the section 3553(a) factors in determining the 300-month sentence, it did not do so pertaining to whether the sentences should be concurrent or consecutive. The district court is in the better position to determine this issue in the first instance.

Accordingly, we reverse Meadows's sentence and remand this matter to the district court for resentencing.

_____