FILED
United States Court of Appeals
Tenth Circuit

October 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MATTHEW LOOPER,

     Defendant-Appellant.

No. 09-1408
(D.Ct. No. 1:08-CR-00504-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BALDOCK,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Matthew Looper pled guilty to one count of fraud in connection

with the production of identification documents in violation of 18 U.S.C.

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

§ 1028(a)(1) and one count of possession of implements to counterfeit documents in violation of 18 U.S.C. § 1028(a)(5).  The district court sentenced him to a term of twelve months imprisonment on each count, to run consecutively.  Mr. Looper appeals the imposition of consecutive sentences, claiming they are procedurally and substantively unreasonable.  We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

## I.  Factual and Procedural Background

Our factual summary pertinent to disposition of this appeal is primarily based on Mr. Looper's "Plea Agreement and Statement of Facts Relevant to Sentencing," as incorporated into his presentence report to which neither party objected.  Following a traffic violation on August 8, 2008, Mr. Looper was found in possession of two counterfeit Colorado drivers' licenses using his photo but in the alias of "Matthew Gibbson Wagner."  Authorities subsequently interviewed one of Mr. Looper's landlords, Jan Baer, who informed them Mr. Looper and his wife rented their home under the names "Matthew and Heather Wagner."  Because they violated their rental agreement, Mrs. Baer changed the locks and secured the property, where she found a stack of credit reports relating to different individuals as well as a laminating machine and laminating materials.

Pursuant to a search warrant, authorities seized those items, finding credit

reports pertaining to actual individuals who conducted business with a financial mortgage company where Mr. Looper worked. They also discovered: (1) mail showing Mr. Looper maintained a checking account as "Matthew Wagner" at a local bank; and (2) computer hardware containing counterfeit drivers' licenses for different states with Mr. Looper's photo but various other assumed names and addresses. On September 23, 2008, United States Marshals arrested Mr. Looper after he attempted to sell piracy computer software online.

Some of the counterfeit licenses at issue used names of identifiable individuals, while others used names which authorities failed to identify as actual individuals. Those containing the names of identifiable individuals included one for Joshua William Adams and another for Daniel Charles Mattison, who obtained a loan from the mortgage company for which Mr. Looper worked, where he had dealings with Mr. Looper; the latter license also contained Mr. Mattison's correct date of birth. With regard to Mr. Looper's wife, Heather, Mr. Looper had in his possession a counterfeit driver's license with her photo but the actual license number of Rachel Vanscoy and the name "Jennifer Addison Hunter" – a beneficiary of a loan negotiated with the mortgage company for which Mr. Looper worked. An investigation also revealed six financial entities suffered monetary losses due to Mr. Looper's identification fraud. In at least two instances, Mr. Looper used the names of Joshua Adams and Matthew Wagner to

fraudulently obtain money for which a business suffered a monetary loss.

On May 6, 2009, Mr. Looper entered into a plea of guilty to one count of fraud in connection with production of identification documents and one count of possession of implements to counterfeit documents, in violation of 18 U.S.C. § 1028(a)(1) and (5). In exchange for Mr. Looper's guilty plea, the government expressly agreed to withdraw charges for four other counts of fraud in connection with production of documents and forgo charging him with piracy computer software violations and identity theft under 18 U.S.C. §§ 1028 and 1028A. After the district court accepted Mr. Looper's plea, a probation officer prepared a presentence report calculating Mr. Looper's United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range at six to twelve months imprisonment for each count.[1] After considering the 18 U.S.C. § 3553(a) sentencing factors, the probation officer recommended sentencing Mr. Looper at the high end of the Guidelines range, with the sentences to run concurrently. Neither the government

---

[1] In the presentence report, the probation officer set Mr. Looper's base offense level at six under U.S.S.G. § 2B1.1(a)(2) for offenses involving counterfeit instruments. He also increased Mr. Looper's offense level by two levels, pursuant to U.S.S.G. § 2B1.1(b)(10)(A)(i) and (ii) and (b)(10)(C)(ii), because his offenses involved device-making equipment, an authentication feature, and the possession of five or more means of unlawful identification produced or obtained by the use of another means of identification. Based on his acceptance of responsibility for the offenses charged, the probation officer also included a two-level reduction, for a total offense level of six. A total offense level of six, together with his criminal history category of IV, resulted in a Guidelines range of six to twelve months imprisonment for each count.

nor Mr. Looper filed written objections to the presentence report.

At the beginning of the sentencing hearing, the district court asked for objections to the presentence report, to which Mr. Looper stated he had none. However, his counsel did request a more lenient sentence, explaining Mr. Looper produced the fake licenses only because of unresolved issues in Illinois resulting in him being unable to obtain a valid driver's license. Mr. Looper also addressed the court, acknowledging "[t]here are some landlords that unfortunately got the wrong end of the deal on what I did" and expressing his regret toward them and others.

The government provided argument in support of the recommended sentence and also presented the testimony of Mr. David Baer – the other landlord of Mr. Looper's rented property. Mr. Baer testified to the trauma and many sleepless nights his family encountered after they discovered Mr. Looper's false identity and the fact Mr. Looper not only committed fraud against them, but committed it "against the community by gathering all this business information and making these false identities and drivers' licenses."

In determining the appropriate sentence, the district court adopted the presentence report facts and calculations, to which neither party had objected. It

also discussed the 18 U.S.C. § 3553(a) sentencing factors in considerable detail, beginning with the "nature and circumstances of these respective offenses" and stating identity theft and possession of counterfeit instruments are serious crimes that wreak "both tangible and intangible havoc on [their] victims." It noted such offenses are "a scourge that is sweeping this country and this community" and "quintessentially ... [an] assault on our system of finance and personal security in this country ...." It further stated:

> The victim that spoke today described it well. It is an assault on your personal security. It changes your life and your lifestyle as a victim. Never again do you enjoy the security that you had before. It also causes you to become myopically and morbidly preoccupied with your circumstances, until you have an answer, until you have a resolution.

With regard to Mr. Looper's "history and characteristics," the district court rejected his claim relating to his Illinois driver's license problem, stating there was "absolutely no excuse or explanation for the number of forged counterfeit driver's licenses" he possessed and determining the circumstances showed he was "in the counterfeit identification document business." It further noted that "at the ripe ... old age of twenty-five or so," Mr. Looper had a criminal history category of IV, strongly indicating his lack of respect for the law. It also stated it had considered all the § 3553(a) sentencing factors, including, but not limited to, the need for Mr. Looper's sentence to be sufficient but not greater than necessary to achieve Congressional goals and purposes of sentencing; reflect the seriousness of

the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from future crimes by Mr. Looper; and provide him with educational and vocational training or other correctional treatment. It also explained it had considered the kinds of sentences and sentencing ranges for his particular crimes, the pertinent policy statements, and the need to avoid unwarranted sentencing disparities among defendants.

Based on these sentencing factors, together with the provisions in 18 U.S.C. § 3584(a) and (b) and U.S.S.G. § 5G1.3 regarding concurrent and/or consecutive sentences, the district court determined Mr. Looper should be sentenced to the maximum advisory Guidelines-range sentence of twelve months imprisonment for each count and the sentences should run consecutively, resulting in twenty-four months total imprisonment. The district court then gave both parties' counsel an opportunity to raise any concerns or objections, to which none were raised concerning the term of imprisonment.

## II. Discussion

Mr. Looper now appeals his consecutive sentences, claiming they are procedurally and substantively unreasonable, and requests a remand to the district court for imposition of concurrent twelve-month sentences. In arguing his

consecutive sentences are procedurally unreasonable, he claims the district court abused its discretion by allowing a "non-victim," Mr. Baer, to address the court and using Mr. Baer's testimony as rationale for his sentence. Mr. Looper states that while he knew Mr. Baer was merely the landlord and not a victim, his counsel was unaware of this fact until after the hearing, when he informed him. He also asserts the district court committed further procedural error by erroneously concluding Mr. Looper "harm[ed] people by stealing their identities" and, instead, argues his fraudulent conduct did not harm or injure anyone other than corporations or businesses.

In making these arguments, Mr. Looper contends plain error review should not apply because he "was not afforded an opportunity to object to the sentencing problems or the reliance on identity thievery until after the sentence was pronounced" and the court assured itself Mr. Looper knew he was getting consecutive sentences. He contends it was "[o]nly at the very end of the hearing, when raising an objection would have been futile," that the district court ended with the question, "[F]urther business by the defense?"

As to the substantive reasonableness of his sentences, Mr. Looper suggests that by giving him consecutive, rather than concurrent, sentences, as required by U.S.S.G. § 5G1.2(d), he received "non-Guideline" sentences which punish him

"not for the crimes he did commit, but for crimes he had the potential for committing with his computer and business records." He also reiterates his claim the district court made a mistake when it sentenced him based on the false belief he was an identity thief who harmed individuals by using their identities for his own gain, when he only committed identity fraud, which did not harm real people but only banking or check-cashing businesses. In support of this argument, Mr. Looper points out he did not plead guilty to identity theft under 18 U.S.C. § 1028 or § 1028A, but only identity fraud under § 1028.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. While we look to see whether the district court applied the applicable Guidelines in calculating a sentence to ascertain its procedural reasonableness, "[i]n *Gall*, the Supreme Court identified 'failing to consider the § 3553(a) factors' and 'failing to adequately explain the chosen sentence' as forms of procedural error" as well. *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

In determining whether the district court properly applied the applicable Guidelines in calculating the sentence, we generally review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, if a defendant fails to object to the procedural reasonableness of his sentence before the district court, we review his claim of procedural unreasonableness only for plain error, including the failure to raise a contemporaneous objection. *See United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir. 2007).

In contrast, a challenge to the sufficiency of the district court's § 3553(a) justifications, which implicates the substantive reasonableness of the sentence, does not require a prior objection to preserve it on appeal. *See Smart*, 518 F.3d at 804-06. In reviewing a district court's sentence for substantive reasonableness under the § 3553(a) factors, we employ an abuse of discretion standard. *See id.* at 805-06. We employ the same standard of review to the imposition of consecutive or concurrent sentences. *See United States v. Fay*, 547 F.3d 1231, 1235 (10th Cir. 2008). We consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (internal quotation marks omitted). If a sentence is within the correctly-calculated Guidelines range, we may apply a rebuttable presumption of

reasonableness. *See Kristl*, 437 F.3d at 1054-55.

Turning to the legal principles involving concurrent and consecutive sentences on which the district court relied, U.S.S.G. § 5G1.2(d) discusses sentencing on multiple counts of conviction and states:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). In turn, 18 U.S.C. § 3584 provides: "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, ... the terms may run concurrently or consecutively," and "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(a) and (b).

With these legal principles in mind, we turn to Mr. Looper's appeal. In challenging the procedural reasonableness of his two consecutive sentences, he is claiming, for the first time on appeal, the district court improperly considered the testimony of his landlord and any harm caused to others by his fraudulent acts. However, Mr. Looper did not raise any such objections before the district court,

-11-

nor has he shown any reason why he could not have raised them at the sentencing hearing, especially when the district court expressly provided him an opportunity at the end of the hearing to contemporaneously voice any concerns. To now claim it would have been "futile" to do so is simply self-serving and disingenuous, especially when nothing in the record demonstrates the district court would have failed to consider and address such objections or concerns.

Even when we consider Mr. Looper's contention the district court erred in considering the effect or harm his fraud had on Mr. Baer or any victims, it is evident it did so under the § 3553(a) factors as a means of determining the appropriate length of his sentence – a substantive reasonableness issue we discuss hereafter. In so doing, it carefully considered all the § 3553(a) factors and more than adequately explained the chosen sentences. As a result, no form of procedural error occurred. In addition, other than his contentions concerning § 5G1.2 in his substantive reasonableness argument, which we also address hereafter, Mr. Looper has not shown the district court misapplied the applicable advisory Guidelines in calculating his sentence. As a result, we discern no procedural error, regardless of whether we apply a plain error or abuse of discretion standard of review.

Having concluded Mr. Looper's sentence is within the correctly-calculated

Guidelines range, we apply a presumption of reasonableness which Mr. Looper must rebut by demonstrating his sentence is substantively unreasonable in light of the sentencing factors in § 3553(a). In attempting to meet his burden, Mr. Looper asserts the district court imposed a "non-Guideline" sentence by giving him consecutive, rather than concurrent, sentences, as required by U.S.S.G. § 5G1.2(d).[2] However, U.S.S.G. § 5G1.2(d), which recommends consecutive sentences for certain multiple-count convictions and concurrent sentences for others, is merely advisory, establishing a sentencing structure for multiple-count convictions from which the district court may deviate under 18 U.S.C. § 3584 after applying the § 3553(a) sentencing factors. Thus, while the probation officer recommended concurrent sentences based on his assessment of the § 3553(a) factors, the district court used its discretion under 18 U.S.C. § 3584 to impose consecutive sentences based on its own consideration and assessment of those factors. In so doing, it provided a thorough and individualized analysis of those factors and why it believed they warranted consecutive sentences. As a result, we reject Mr. Looper's contention that imposition of consecutive sentences somehow resulted in a "non-Guideline" sentence.

---

[2] Even though a challenge to the district court's consideration of a Guideline is a challenge to the procedural reasonableness of a sentence, Mr. Looper raises his argument regarding § 5G1.2(d) as a challenge to the substantive reasonableness of his sentence.

Mr. Looper also argues the district court impermissibly imposed consecutive sentences to punish him "not for the crimes he did commit, but for crimes he had the potential for committing with his computer and business records." However, in this case, the district court performed an exhaustive analysis of the § 3553(a) sentencing factors, including the need for the sentence imposed to afford adequate deterrence and protect the public. To the extent the district court considered any potential crimes Mr. Looper might commit, it did so for the purpose of deterring such crimes and protecting the public, as contemplated by § 3553(a), and therefore, no abuse of discretion occurred.

Like his procedural reasonableness claim, Mr. Looper also asserts substantive error on grounds the district court sentenced him based on the false belief he was an identity thief who harmed individuals by using their identities for his own gain, when in fact the only victims who experienced losses were corporations or businesses. However, Mr. Looper fails to provide any authority, nor are we aware of any, establishing it is an abuse of discretion to consider the intangible or tangible harm caused to direct or indirect victims under a § 3553(a) analysis when assessing the seriousness of an offense. Moreover, when the district court discussed the tangible and intangible harm caused victims, it expressly mentioned the instant crime of possession of counterfeit instruments, regardless of whether it also mentioned "identity theft," for which Mr. Looper

-14-

was not formally charged. When the hearing transcript is read in its entirety and context, it is clear the district court was discussing the serious nature and circumstances of the instant offense in which Mr. Looper possessed multiple credit reports of actual individuals and possessed and produced counterfeit drivers' licenses using their or other individuals' names and, in at least one instance, used a real person's name, Joshua William Adams, to fraudulently obtain money. While nothing in the record suggests these individuals experienced actual financial losses or direct harm, Mr. Looper nevertheless impermissibly used their names, and even one person's birth date, to produce and possess counterfeit drivers' licenses or fraudulently obtain money. Moreover, the fact that only corporations or businesses lost money through Mr. Looper's fraudulent acts does not mean the district court was required to discount their losses in assessing the serious nature of Mr. Looper's offenses.

Finally, with regard to the district court's consideration and discussion of Mr. Baer's testimony, the record is unclear as to the total extent of fraud or victimization he experienced, but Mr. Looper explicitly expressed his regret for such victimization at the sentencing hearing. At the very least, the record on appeal establishes Mr. Looper used a false identity to obtain rental property from Mr. Baer and his wife, where he stored other individuals' credit reports and fraudulently produced counterfeit drivers' licenses. Thus, regardless whether Mr.

Baer is considered a direct or an indirect victim of the instant offenses, we perceive no abuse of discretion by the district court in considering Mr. Baer's testimony, including his feeling of being victimized or traumatized by Mr. Looper's fraudulent conduct, when it performed its analysis of all the § 3553(a) factors to determine the length of Mr. Looper's sentences, including its decision to impose consecutive sentences. We further note that victim testimony is explicitly authorized by the Federal Rules of Criminal Procedure, which state that "[b]efore imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard." *See* Fed. R. Crim. P. 32(i)(4)(B).[3]

## III. Conclusion

For these reasons, we **AFFIRM** Mr. Looper's consecutive sentences.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[3] We also note that under the Crime Victims' Rights Act "[a] crime victim has ... [t]he right to be reasonably heard at any public proceeding in the district court involving ... sentencing," and the government has an obligation to ensure any witnesses' views pertinent to the sentencing process are presented at hearing. 18 U.S.C. § 3771(a), (a)(4), (c)(1).