**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVON LYMON,

    Defendant - Appellant.

No. 17-2077

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:15-CR-04302-MCA-1)**
_____

Marc Robert, Assistant Federal Public Defender, Albuquerque, New Mexico, for
Defendant-Appellant.

C. Paige Messec, Assistant United States Attorney (James D. Tierney, Acting United
States Attorney and James R.W. Braun, Assistant United States Attorney, on the brief),
Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.
_____

**EBEL**, Circuit Judge.
_____

    Defendant Davon Lymon challenges the procedure by which the district court

decided to order the three federal sentences imposed in this case to be consecutive.

In particular, although U.S.S.G. § 5G1.2 indicated Lymon's sentences should run

concurrently, the district court instead imposed them consecutively, citing 18 U.S.C. § 3584. The court did not procedurally err because the sentencing guidelines are only advisory, the district court considered the guidelines' recommendation before exercising its discretion under § 3584 to order consecutive sentences, and the court adequately explained why it did so. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we, therefore, AFFIRM.

## I. BACKGROUND

Lymon pled guilty to three offenses charged in the same indictment: selling heroin to an undercover officer on two separate occasions (Counts 1 and 3), and being a previously convicted felon in possession of a gun (Count 2). Using the sentencing guidelines' grouping rules, see U.S.S.G. Ch.3, Pt. D, the district court established a single combined offense level for all three convictions. That offense level led to an advisory sentencing range of 77 to 96 months in prison. Lymon does not object to that starting guideline range, but he does object to the court's ultimate decision to vary upward from the range to a total sentence of 216 months as a result of running the sentences on each of the three counts of conviction largely consecutively instead of concurrently as called for in the guidelines.

The district court imposed a sentence at the top of that range, ninety-six-months, for each of Lymon's three convictions, see U.S.S.G. § 5G1.2(b), and ordered the sentences for Counts 1 and 2 and part of the sentence for Count 3 to run

consecutively, for a total prison sentence of 216 months. In doing so, the district court cited and relied on the statutory provision of 18 U.S.C. § 3584(b). [1]

## II. STANDARD OF REVIEW

Lymon is challenging the procedural reasonableness of his sentence on grounds that he concedes he did not raise in the district court. Our review, then, is for plain error. See United States v. Wireman, 849 F.3d 956, 961-62 (10th Cir. 2017). "We will find plain error only when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 962 (internal quotation marks omitted). It is Lymon's burden to make this showing. See United States v. Francis, 891 F.3d 888, 899 (10th Cir. 2018).

## III. DISCUSSION

Lymon's appellate arguments fall into three general categories. Our consideration of these arguments begins and ends with the first plain-error inquiry because we conclude Lymon failed to establish any procedural error.

**A. The district court had discretion under 18 U.S.C. § 3584 to impose consecutive sentences notwithstanding U.S.S.G. § 5G1.2's recommendation that the sentences run concurrently**

We reject Lymon's first argument, that U.S.S.G. § 5G1.2 "required" the district court to run his sentences concurrently (Aplt. Br. 14, 16). "Although the

---

[1] The district court further ordered that the 216-month total sentence imposed in this case run consecutively to a 240-month sentence imposed in another federal prosecution of Lymon in the District of New Mexico, No. 1:15-cr-004082. Lymon does not challenge that decision in this appeal.

3

court must consider the guidelines when fashioning an appropriate sentence, the guidelines do not control whether sentences run concurrently or consecutively." United States v. Jarvis, 606 F.3d 552, 554 (8th Cir. 2010) (citation omitted). Notwithstanding the guidelines' recommendation that Lymon's sentences run concurrently, then, the district court still had discretion under 18 U.S.C. § 3584 to impose consecutive sentences instead.

"Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose . . . ." Setser v. United States, 566 U.S. 231, 236 (2012). 18 U.S.C. § 3584(a) specifically provides that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time . . . , the terms may run concurrently or consecutively . . . ." (Emphasis added.) Section 3584(b) goes on to state that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C.] section 3553(a)."

On the other hand, it is uncontested that in this case the sentencing guidelines—specifically U.S.S.G. § 5G1.2—provide that Lymon's sentences should run concurrently. It does so using mandatory language: "the sentences on all counts shall run concurrently . . . ." U.S.S.G. § 5G1.2(c), (d) (emphasis added). Before Booker v. United States, 543 U.S. 220 (2005), we held that U.S.S.G. § 5G1.2's direction as to when multiple sentences run concurrently or consecutively was mandatory, like the guidelines as a whole. See United States v. Price, 265 F.3d 1097,

4

1109 (10th Cir. 2001). But the Supreme Court, in Booker, made the sentencing guidelines advisory rather than mandatory. See Pepper v. United States, 562 U.S. 476, 490 (2011). That includes U.S.S.G. § 5G1.2. See United States v. Hollis, 552 F.3d 1191, 1195 (10th Cir. 2009) (stating that § 5G1.2(d), setting forth when sentences should run consecutively, is no longer mandatory after Booker).

Furthermore, the Supreme Court's "post-Booker opinions make clear that, although a sentencing court must give respectful consideration to the Guidelines, Booker permits the court to tailor the sentence in light of other statutory concerns as well." Pepper, 562 U.S. at 490 (internal quotation marks omitted). 18 U.S.C. § 3584, along with the § 3553(a) factors it implicates, present such relevant statutory concerns. See United States v. Rutherford, 599 F.3d 817, 821 (8th Cir. 2010).

The district court, therefore, had discretion here to "deviate under 18 U.S.C. § 3584" from the guidelines' recommendation that Lymon's sentences run concurrently and to impose, instead, consecutive sentences after considering the § 3553(a) factors. United States v. Looper, 399 F. App'x 368, 374 (10th Cir. 2010) (unpublished); see also United States v. Redmond, 388 F. App'x 849, 854 (10th Cir. 2010) (unpublished) (citing Jarvis, 606 F.3d at 553-54 (8th Cir.)).[2] [3]

_____

[2] Although unpublished, we find the reasoning in these cases persuasive.

[3] United States v. Kieffer, 681 F.3d 1143 (10th Cir. 2012), on which Lymon relies, is inapposite on this point. Kieffer considered a different guideline provision, U.S.S.G. § 5G1.3, which addresses whether a sentence should run consecutively or concurrently to another, undischarged sentence the defendant must serve or an anticipated state sentence he might have to serve. 681 F.3d at 1166-68. Kieffer held

5

Other circuits have reached similar conclusions.  See United States v. Conlan, 786 F.3d 380, 394 & n.46 (5th Cir. 2015); Jarvis, 606 F.3d at 554 (8th Cir.) (citing our Hollis decision, as well as United States v. Eversole, 487 F.3d 1024, 1033 (6th Cir. 2007), and United States v. Kurti, 427 F.3d 159, 164 (2d Cir. 2005)); see also United States v. Richart, 662 F.3d 1037, 1050 (8th Cir. 2011) (stating that "the now-advisory Guidelines cannot mandate . . . concurrent sentencing" and "§ 5G1.2 does not describe the only time a court may impose consecutive sentences" (internal quotation marks omitted)).

We conclude, then, that the district court had discretion in this case under 18 U.S.C. § 3584 to run Lymon's sentences consecutively, notwithstanding U.S.S.G. § 5G1.2's recommendation of concurrent sentences.

## B. The district court was aware that the guidelines recommended concurrent sentences and the court considered that recommendation

As just mentioned, § 3584(b) provides that the sentencing court, in deciding whether multiple sentences should run concurrently or consecutively, "shall consider . . . the factors set forth in [18 U.S.C.] section 3553(a)."  One of those factors is the guidelines' advisory sentence.  See 18 U.S.C. § 3553(a)(4).  Moreover, the advisory guidelines remain "the starting point and the initial benchmark" for determining a reasonable sentence.  Pepper, 562 U.S. at 490 (quoting Gall v. United States, 552

that, while "[g]enerally[] a district court has broad discretion under § 5G1.3(c) in crafting a concurrent or consecutive sentence," other  sections of that guideline provision, § 5G1.3(a) and (b), "restrict" the court's discretion.  Kieffer, 681 F.3d at 1167.  Kieffer did not address at all the court's discretion under 18 U.S.C. § 3584(a).

6

U.S. 38, 49-51 (2007)); see also Rutherford, 599 F.3d at 821 (holding "sentencing court should consider the Guidelines calculation as a first step to finding a reasonable sentence," before considering under 18 U.S.C. § 3584 whether sentences should run concurrently or consecutively).  It would be procedural error not to consider the advisory guidelines' sentencing recommendation.  See, e.g., Gall, 552 U.S. at 51.

With that in mind, Lymon next asserts that the district court erred here in failing to consider that the sentencing guidelines recommended in this case that Lymon's sentences run concurrently.  Lymon contends that the district court never identified the 77-96-month range as the "total punishment" the guidelines provided here, nor did the district court realize that the guidelines recommended concurrent sentences to impose the "total punishment."  In support of these contentions, Lymon points out that neither the presentence report ("PSR") nor the district court ever mentioned "total punishment" or U.S.S.G. § 5G1.2, and the PSR did not address whether Lymon's sentences should run concurrently or consecutively.  Lymon further contends that the district court never acknowledged that, in this case, consecutive sentences represented an upward variance from the guidelines' recommended concurrent sentences.  See Conlan, 786 F.3d at 394 & n.46 (5th Cir.) (stating that "[c]onsecutive sentences can be used to achieve an above-guidelines sentence," in case where court imposed consecutive sentences under its 18 U.S.C. § 3584(a), despite the guideline recommendation of concurrent sentences); see also Jarvis, 606 F.3d at 554.

7

After reviewing the record, however, we are confident that the district court realized that the sentencing guidelines recommended Lymon's sentences run concurrently and that the court considered that recommendation even as the court imposed consecutive sentences. Most clearly, Lymon told the court at sentencing that the guideline range was 77 to 96 months in prison and he argued for a "guideline sentence" of six to eight years, clearly contemplating concurrent sentences. (III R. 46, 75.) The Government also acknowledged the eight-year guideline sentence.

In addition, the parties addressed U.S.S.G. § 5G1.2 generally in their written sentencing memoranda and during the two sentencing proceedings that the district court conducted in this case. In particular, the parties discussed both the possibility of imposing the sentences in this case consecutively to the sentences imposed in a separate federal prosecution and the possibility that the sentences imposed in this federal case would run consecutively to any sentence imposed in a pending state prosecution. Within these discussions, the parties addressed, not only U.S.S.G. § 5G1.2, but also the sentencing court's discretion to impose consecutive sentences under 18 U.S.C. § 3584, as well as the court's inherent authority to do so. While those discussions involved different consecutive/concurrent sentencing decisions, § 5G1.2, as well as the possibility of consecutive sentences in a variety of forms, was front and center throughout both sentencing proceedings conducted in this case.

In fact, the district court conducted the sentencing in the separate federal prosecution on the same day as the first of the two sentencing hearings in this case. In that separate federal case, the district court imposed two consecutive 120-month

8

sentences. According to Lymon, the court "employed" U.S.S.G. § 5G1.2 "in determining th[at] sentence." (I R. 68.) So the district court was certainly aware of § 5G1.2 when the court sentenced Lymon in this case to consecutive sentences.

The parties also informed the district court that imposing consecutive sentences amounted to a variance above the recommended guideline range. During the first of two sentencing hearings in this case, Lymon requested a guideline sentence, asked that, if the court was considering varying upward, he be given notice and an opportunity to respond in writing. The Government responded that it intended to request a substantial upward variance to fifty years in prison, based in part on running the sentences consecutively under 18 U.S.C. §§ 3584 and 3553(a). The sentencing court then adjourned the sentencing proceeding in order to give Lymon the opportunity he requested to address the possibility of an upward variance in writing.[4] During the second sentencing hearing, the Government acknowledged a guideline sentence of eight years before again asking for an upward variance. From these discussions, the court realized that running Lymon's sentences consecutively would amount to a variance from the recommended guideline sentence.

---

[4] While the sentencing court must give a defendant advance notice that the court is considering a <u>departure</u> from the advisory guideline sentence, <u>see</u> Fed. R. Crim. P. 32(h), the court is not obligated to give advance notice that it is considering a variance based on the 18 U.S.C. § 3553(a) factors, <u>see</u> <u>Irizarry v. United States</u>, 553 U.S. 708, 709-10, 712-13, 715-16 (2008). Here, in any event, after the Government requested a "substantial" upward variance, Lymon was on notice and had a sufficient opportunity to address the possibility of a variance.

The district court also realized, from the parties' arguments, that it had discretion under 18 U.S.C. § 3584, to vary upward from the guidelines' recommended concurrent sentences, after considering the 18 U.S.C. § 3553(a) factors. In imposing consecutive sentences, the district court cited 18 U.S.C. § 3584(b) and imposed consecutive sentences only after a thorough discussion of the 18 U.S.C. § 3553(a) factors, as § 3584(b) requires. The district court specifically stated that the § 3553(a) factors "warrant a consecutive and partially consecutive sentence to be imposed in this case." (III R. 82.)

After reading the entire sentencing record, we conclude the district court recognized that the guidelines called for concurrent sentences and considered that recommendation before deciding to vary upward to impose consecutive sentences. Our conclusion is bolstered by the fact that, "absent some indication in the record suggesting otherwise, that trial judges are presumed to know the law and apply it in making their decisions." United States v. Chavez-Meza, 854 F.3d 655, 659 (10th Cir. 2017), aff'd, 138 S. Ct. 1959 (2018).

Even if the district court plainly erred in not explicitly stating that the guidelines recommended concurrent sentences and that the court explicitly considered that recommendation before varying upward to impose consecutive sentences—and we do not hold there was such error here—Lymon has failed to meet his burden at the third plain-error inquiry to show that his substantial rights were prejudiced by any such error, see Francis, 891 F.3d at 899; see also United States v.

Chavez-Morales, 894 F.3d 1206, 1216-18 (10th Cir. 2018), as explained in the section that follows.

**C. The district court adequately explained why it imposed consecutive sentences**

Lastly, Lymon contends that, in varying upward, the district court did not adequately explain why it chose to impose his three sentences consecutively. To the contrary, the district court invoked the § 3553(a) factors to explain in great detail why it deemed consecutive sentences to be appropriate here.

Summarizing, the court noted that Lymon had a serious and ongoing criminal history involving violence and repeated unlawful possession of firearms, including previous convictions for voluntary manslaughter and aggravated robbery; his criminal activity continued even after he served over eleven years in prison; after his release, Lymon's criminal activity included beating a victim unconscious, displaying a firearm, and possessing a loaded magazine for a firearm; and just before sentencing in this case, the court sentenced Lymon to twenty years in prison for unlawfully possessing another firearm. The court further expressly considered that Lymon continued to use and distribute dangerous and addictive controlled substances, and he suffered from untreated mental illnesses, "making him a danger not only to himself but to others." (III R. 84.) Based on all the information before it, the court concluded that "Lymon is a repeat and dangerous offender who poses a serious danger to the community and has no respect for the law." (Id.) The court, thus, thoroughly explained why it chose to impose Lymon's three sentences at issue here consecutively.

11

## IV. CONCLUSION

Because the district court did not err in the manner in which it decided to run Lymon's sentences consecutively, we AFFIRM.