**UNITED STATES COURT OF APPEALS**

**April 17, 2019**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIAN GALLARDO-MEDINA, a/k/a
Julian Gallardo-Garcia, a/k/a Raul
Hernandez-Garcia,

    Defendant - Appellant.

Nos. 18-1125 & 18-1126
(D.C. Nos. 1:14-CR-00500-MSK-1,
1:17-CR-00296-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

In these consolidated direct criminal appeals, Defendant Julian Gallardo-Medina challenges his sentences for 1) a 2017 conviction for unlawfully re-entering the United States after a prior removal, and 2) violating the terms of his supervised release imposed on a 2015 unlawful re-entry conviction. In a joint sentencing, the district court imposed within-guideline sentences of twenty-seven months for the 2017 conviction and fifteen months for the supervised release violation, to run

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consecutively. On appeal, Gallardo-Medina argues that the district court procedurally erred when it imposed those sentences because, having denied Gallardo-Medina a downward departure under the sentencing guidelines, the district court did not realize it still had discretion to vary below the advisory guideline range based on the sentencing factors listed in 18 U.S.C. § 3553(a). The sentencing record makes clear, however, that the district court knew it had discretion to vary downward, but decided against doing so. Therefore, having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we AFFIRM both sentences.

## I. BACKGROUND

Gallardo-Medina, a Mexican citizen, was convicted in 2015 of unlawfully re-entering the United States after a prior removal. He was sentenced to twenty-one months in prison and three years of supervised release. One of the conditions of his release was that he not again reenter the United States illegally.

After serving his prison sentence on the 2015 conviction, Gallardo-Medina was removed from the United States in October 2016. He returned three weeks later, joining his wife and three children in Colorado. He was arrested there in 2017. Gallardo-Medina thereafter pled guilty to a new unlawful re-entry charge and admitted to violating the terms of his earlier supervised release. His advisory guideline ranges were 24 to 30 months in prison for the new conviction and 12 to 18 months for the supervised release violation. Gallardo-Medina requested, instead, a below-guideline sentence of nine months for the new conviction and three months and one day for violating his supervised release, to run consecutively. In support of

2

this request, Gallardo-Medina sought, for each of his sentences, both a downward departure under the sentencing guidelines and a downward variance under the 18 U.S.C. § 3553(a) sentencing factors. He grounded these requests on his assertion that the reason he returned to the United States was to earn money to send to his mother in Mexico so she could pay medical bills. The district court denied Gallardo-Medina's requests for a below-guideline sentence and, instead, imposed mid-range within-guideline sentences of twenty-seven months for the new conviction and fifteen months on the supervised release violation, to run consecutively, for a total of forty-two months in prison.

## II. DISCUSSION

On appeal, Gallardo-Medina argues that the district court procedurally erred in sentencing him because, after denying his motion for a downward departure under the sentencing guidelines, the court did not realize that it still had discretion to vary downward for each sentence based on the § 3553(a) factors.[1] Gallardo-Medina concedes that, because he did not raise this objection at sentencing, our review is for plain error. See Fed. R. Crim. P. 52(b); see also United States v. Lymon, 905 F.3d 1149, 1152 (10th Cir. 2018). We conclude, at the first step of the plain-error analysis, that the district court did not err.

---

[1] While all of the § 3553(a) factors are relevant to Gallardo-Medina's sentence for his new conviction, most but not all the § 3553(a) factors are relevant to determining his sentence for the supervised release violation. See 18 U.S.C. § 3583(e) (identifying as relevant factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

"Departures and variances are analytically distinct, and courts must be careful not to confuse them." United States v. Martinez-Barragan, 545 F.3d 894, 901 (10th Cir. 2008). Here, however, the court, like the parties, carefully treated Gallardo-Medina's requests for a downward departure separate from his request for a downward variance.

Gallardo-Medina asked for a downward departure under U.S.S.G. § 5K2.11, which provides that "a reduced sentence may be appropriate" when a defendant commits a crime "in order to avoid a perceived greater harm," so long as "the circumstances significantly diminish society's interest in punishing the conduct." The district court denied Gallardo-Medina such a departure because "[i]llegally reentering the United States is not a specific-intent crime; and therefore, specific intent cannot be nullified by a different motivation," but to the extent § 5K2.11 does apply, there is nothing in this case that significantly diminishes society's interest in punishing Gallardo-Medina's conduct. (1 R. 209.)

Gallardo-Medina also asked for a downward departure under U.S.S.G. § 5K2.0, for "exceptional" circumstances. The district court denied that request, ruling that the fact that Gallardo-Medina was motivated to return unlawfully to the United States due to family and financial reasons was "not unusual. That falls within the heartland of cases in this court's experience, and there is nothing unusual here." (1 R. 209-10.) On appeal, Gallardo-Medina does not challenge the district court's decision to deny his requests for a downward departure.

4

The sentencing court then separately addressed and denied Gallardo-Medina's request for a downward variance under the § 3553(a) factors. In doing so, the sentencing court indicated it "appreciate[d] that the defendant wanted to pay for his mother's medical bills and he didn't want to incur any violations [of the law] while he was here in the United States illegally on his most immediate illegal reentry." (1 R. 210.) Notwithstanding these facts, however, the court ruled that Gallardo-Medina's

> case [fell] squarely within the heartland of similar cases. And consistent with the Court's objective in employing the factors found in 18 U.S.C. Section 3553, to serve the sentencing objectives, [made] particular note of the obligation to avoid unwarranted sentence disparities among defendants with similar records found guilty of [similar] conduct.

(1 R. 210 (referencing 18 U.S.C. § 3553(a)(6).)

Accordingly, we conclude that the sentencing record makes clear that the district court separately considered Gallardo-Medina's requests for a downward departure and for a downward variance. Furthermore, the court did not deny those requests for identical reasons. To the extent the sentencing court relied on similar reasoning to reject both the departure and variance requests, that was due to the fact that Gallardo-Medina's ground for each was the same—he returned to the United States in order to earn money to send to his mother to help her pay medical expenses. Moreover, the fact that the district court deemed Gallardo-Medina's case to fall within the "heartland" of cases involving similar defendants convicted of the same conduct is relevant to both departures and variances. See Martinez-Barragan, 545 F.3d at 900. The sentencing court clearly realized that, even after denying Gallardo-

5

Medina's requests for a downward departure, the court still had discretion to vary downward based on the § 3553(a) factors. Nonetheless, the court chose not to do so. That choice was not in error.

### III. CONCLUSION

We, therefore, AFFIRM each of Gallardo-Medina's sentences.

Entered for the Court


David M. Ebel
Circuit Judge