FILED
United States Court of Appeals
Tenth Circuit

June 8, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLLIAM DOUGLAS BLATTEL,

Defendant - Appellant.

No. 21-8018
(D.C. No. 2:20-CR-00106-SWS-1)
(D. Wyoming)

## ORDER AND JUDGMENT[*]

Before **HARTZ, SEYMOUR,** and **BALDOCK,** Circuit Judges.

In January of 2021, William Douglas Blattel pled guilty to one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 110 months in prison with 84 months to run consecutively to any sentences he received on state court charges stemming from related conduct. In arriving at this sentence, the district court failed to consider U.S.S.G. § 5G1.3(c), which called for the federal sentence to run concurrently. This was plain procedural error and therefore we vacate and remand for resentencing.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

In June 2020, Mr. Blattel was driving a blue minivan on Interstate 80 near Park City, Utah, when he fired a pistol at passing motorists, crossed the border into Wyoming, and led a sheriff's deputy on a chase that ended with Mr. Blattel ramming the deputy's vehicle at an estimated 60 mph. His children were in the vehicle the entire time. After his arrest, Blattel faced a myriad of state charges in both Wyoming and Utah, as well as a single federal charge for unlawful possession of a firearm by a felon. He pled to the federal offense and was sentenced while the state charges remained pending.

At sentencing, the district court calculated a guideline range of 110–120 months, which reflected several enhancements including a four offense-level increase under U.S.S.G. § 2K2.1 due to the court's determination that Mr. Blattel "used or possessed" the gun "in connection with" the felonies he committed in Utah and Wyoming. Rec., vol. III at 52-53. Ultimately, the court sentenced Mr. Blattel to 110 months, with 84 months to run consecutively to "any potential sentence in the pending state court cases in Wyoming and Utah" and the remaining 26 months to run concurrently with any such sentences. Rec., vol. I at 39.

In explaining this structure, the court voiced concerns about the potential for "piling on" due to the likely state-court sentences. Rec., vol. III at 62-63. The court recognized that the conduct underpinning the state-court offenses was baked into the federal sentence by way of the relevant-conduct enhancement imposed under

2

§ 2K2.1. Consequently, the district court reasoned, if the states ended up imposing their own sentences for that same conduct, the 26 months of his federal sentence that were attributable to the enhancement would be duplicative and result in a total punishment "greater than necessary to achieve the objectives" listed in 18 U.S.C. 3553(a). *Id*. The court concluded that, if the states imposed their own sentences, then a federal sentence of 84 months was sufficient but not more than necessary to satisfy § 3553(a). If the states did not follow through, then a federal sentence of 110 months was necessary to satisfy the statute. *Id*.

Notably absent from the court's explanation was any mention of U.S.S.G. § 5G1.3(c), which provides:

> **(c)** If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

Mr. Blattel argues that the district court committed plain error when it "failed to consider § 5G1.3(c)."[1] Although he concedes that sentencing courts have discretion on the consecutive/concurrent determination, Mr. Blattel nevertheless argues that the

---

[1] He also challenges the district court's finding that two of his prior convictions qualified as "controlled substance offenses" for purposes of enhancement under § 2k2.1(a)(2). Mr. Blattel concedes that this issue is now foreclosed by our decision in *United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021), which was filed shortly after his opening brief. We decline to revisit the issue and affirm this aspect of the district court's sentencing.

district court failed to even consider § 5G1.3(c), a procedural error meriting remand for resentencing.  We agree.

## Standard of Review

Mr. Blattel did not object to the district court's failure to consider § 5G1.3(c) below.  Our review is therefore for plain error.  *See United States v. Finnesy*, 953 F.3d 675, 684, 691 (10th Cir. 2020).  Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.

## Discussion

The government does not dispute that § 5G1.3(c) was fully applicable to Mr. Blattel's sentence, and it does not dispute that § 5G1.3(c) called for the entirety of his federal sentence to run concurrently with any state-court sentences.  The government argues instead that the district court recognized § 5G1.3(c)'s recommendation and simply chose not to apply it.  This makes no sense.

While the advisory guidelines are discretionary, they remain the starting point for determining a reasonable sentence.  *United States v. Lymon*, 905 F.3d 1149, 1153-54 (10th Cir. 2018).  A court "must give respectful consideration to the Guidelines," and it is a procedural error not to consider the advisory guidelines' sentencing recommendation or to inadequately explain a deviation from it.  *Id*.  This includes any applicable recommendation regarding whether the defendant's sentence

on a given charge should run concurrently with or consecutive to his sentence on other charges. *Id.*

Here, § 5G1.3(c) unambiguously called for Mr. Blattel's entire federal sentence to run concurrently with the anticipated sentences stemming from his state charges, but the district court imposed 84 months of his 110-month sentence to run consecutively. Nothing in the record suggests the district court was aware that this was at odds with the guidelines' recommendation, let alone that the court intended to impose what amounts to a potential upward variance of 84 months. On the contrary, the court believed it was imposing a sentence within the advisory guidelines range. *See* Rec., vol. III at 60-61. The district court's failure to consider a clearly applicable guideline constitutes plain error. *See Lymon*, 905 F.3d at 1154.

Turning to the third and fourth prongs of our plain error analysis, we hold that this error affected Mr. Blattel's substantial rights and that, were we to let it stand, it would adversely affect the public perception of judicial proceedings. The guidelines form the essential starting point in any federal sentencing analysis, so it follows that an obvious error in applying them or failing to recognize them at all "runs the risk of affecting the ultimate sentence *regardless of* whether the court ultimately imposes a sentence within or outside [the] range". *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333 (10th Cir. 2014) (quoting *United States v. Rosales–Miranda*, 755 F.3d 1253, 1259 (10th Cir.2014) (alteration in original). The point of the guidelines is to affect the defendant's "substantial rights" by guiding the district court's analysis of

how much of his liberty he must forfeit to the government. *Id.* And when a court fails to consider the guidelines, which were created to promote fairness and uniformity in sentencing, it cannot help but adversely affect the public perception of our judicial system. *Id.*

## Conclusion

Based upon the foregoing, we vacate the sentence and remand this matter to the district court for resentencing after consideration of the potential impact of U.S.S.G § 5G1.3(c) and any intervening state court sentences.

Entered for the Court

Stephanie K. Seymour
Circuit Judge