**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 9, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARION MICHAEL HOLMES,

Defendant - Appellant.

No. 23-6213
(D.C. No. 5:23-CR-00056-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

This appeal involves a sentencing challenge. The defendant,

Mr. Darion Michael Holmes, was convicted of possessing a firearm after he

had been convicted of a felony. The district court sentenced him to 96

months in prison. Mr. Holmes challenges this sentence as substantively

unreasonable.

---

[*]     The parties do not request oral argument, and it would not help us
decide the appeal. So we have decided the appeal based on the record and
the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Holmes argues in part that the district court failed to

- provide adequate notice of the upward variance and

- adequately explain the impact of the mitigating evidence.

The threshold issue is whether these arguments involve

- procedural reasonableness or

- substantive reasonableness.

The issue bears significance: Mr. Holmes waived challenges to the *procedural* reasonableness of his eventual sentence, but he didn't waive challenges involving *substantive* reasonableness.

The government characterizes Mr. Holmes's arguments as challenges to procedural reasonableness, and Mr. Holmes did not file a reply. In the absence of a reply, we consider only whether the government's characterization bears an obvious defect. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1099 (10th Cir. 2019). In our view, the government's characterization of the arguments does not bear an obvious defect.

First, Mr. Holmes argues that the district court violated Federal Rule of Criminal Procedure 32(h) by failing to provide notice of the upward variance.[1] Challenges to the notice requirement are generally regarded as

---

[1] Rule 32(h) applies to *departures*, not *variances*. *See* Fed. R. Crim. Proc. 32(h) ("Before the court may *depart* from the applicable sentencing range . . . . (emphasis added)). Mr. Holmes contends that the district court's sentencing decision should be construed as a *departure*. But we need not address the merits of this argument because it was waived.

*procedural*. *Irizarry v. United States*, 553 U.S. 708, 715–16 (2008); *United States v. Lymon*, 905 F.3d 1149, 1155 (10th Cir. 2018); *United States v. Lente*, 759 F.3d 1149, 1153 n.1 (10th Cir. 2014).

Second, Mr. Holmes argues that the district court failed to adequately explain how it considered the mitigating circumstances. Here too, we've considered challenges to the sufficiency of the explanation as *procedural* rather than *substantive*. *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012); *United States v. Lente*, 647 F.3d 1021, 1031 (10th Cir. 2011).

So there's no obvious defect in the government's characterization of these two arguments as procedural. Because we consider the arguments as procedural, Mr. Holmes waived them.

Mr. Holmes also argues that the 96-month prison term was too long. In considering this argument, we apply the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court must exercise its discretion based on the seven statutory sentencing factors. *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). These factors are

1.  the nature and circumstances of the offense and the history and characteristics of the defendant,

2.  the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and provide rehabilitation,

3.  the legally available sentences,

4.    the U.S. Sentencing Guidelines,

5.    the Sentencing Commission's policy statements,

6.    the need to avoid unwarranted sentence disparities among defendants with similar records, and

7.    the need for restitution.

18 U.S.C. § 3553(a). We regard the sentence as substantively unreasonable only if the district court's consideration of the sentencing factors was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Peña*, 963 F.3d 1016, 1024 (10th Cir. 2020) (quoting *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009)).

The district court applied these factors, relying primarily on Mr. Holmes's history of violence and a standoff during the arrest. Mr. Holmes argues that reliance on the criminal history was misplaced because it had already gone into the guideline range. But the court can base an upward variance on factors that are otherwise factored into the guideline range. *See United States v. Barnes*, 890 F.3d 910, 921 (10th Cir. 2018) ("[D]istrict courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range." (quotation and marks omitted)).

Mr. Holmes also questions the consistency of the district court's discussion of the standoff. The court had earlier considered whether to

4

apply a sentencing enhancement for conduct causing a risk of death or serious bodily injury. The district court rejected that enhancement.

Mr. Holmes points to this ruling as acceptance of his own explanation for the standoff. We disagree with this characterization of the discussion. While rejecting the enhancement based on a failure to prove a substantial risk of serious bodily injury, the court added that the conduct was "obviously aggravating." R. vol. 3, at 21. The court later explained that the conduct had been "significantly aggravating" despite the absence of a risk of death or serious bodily injury. *Id.* at 27. The district court's explanation was thus internally consistent. The court declined to apply the enhancement because the conduct didn't risk death or serious bodily injury, but the court regarded the conduct as an aggravating circumstance supporting an upward variance.

Finally, Mr. Holmes argues that the district court didn't adequately weigh the mitigating circumstances. But we can't reweigh the aggravating and mitigating circumstances. *United States v. Ware*, 93 F.4th 1175, 1181 (10th Cir. 2024); *United States v. Budder*, 76 F.4th 1007, 1017 (10th Cir. 2023).

In our view, the district court didn't abuse its discretion in applying the statutory sentencing factors. Of these factors, the court lasered in on Mr. Holmes's criminal history and standoff with law enforcement. The

focus on these factors fell within the district court's broad realm of discretion. So we affirm the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge