FILED
United States Court of Appeals
Tenth Circuit

November 26, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 25-5032 |
| | (D.C. No. 4:23-CR-00290-GKF-1) |
| KEDARRION RAMON SIMMONS, | (N.D. Okla.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

This appeal involves a criminal sentence of thirty months' imprisonment for

- unlawfully possessing a firearm and ammunition and

- making a false statement to acquire a firearm.

---

[*] The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

To resolve the appeal, we must decide whether the district court plainly erred in calculating the guideline range. We conclude that if the district court had erred, the error would not have been plain.

In sentencing the defendant, the district court appropriately started with the sentencing guidelines. *See United States v. Lymon*, 905 F.3d 1149, 1153–54 (10th Cir. 2018). To apply the guidelines, the court considered the presentence report, *see United States v. Mateo*, 471 F.3d 1162, 1166–67 (10th Cir. 2006), which noted that the defendant had shot a gun at his ex-girlfriend.

Based on the shooting, the presentence report stated that the district court should increase the offense level because the defendant had used a firearm in connection with another felony. U.S.S.G. § 2K2.1(b)(6)(B). The defendant didn't object to the increase, and the district court adopted the presentence report.[1] Adoption of this report resulted in a guideline range of 24 to 30 months' imprisonment. With this range, the court imposed concurrent terms of thirty months' imprisonment.

The defendant argues that the court shouldn't have increased the offense level, but acknowledges that we should apply the plain-error standard because he hadn't made this argument in district court. *See United*

---

[1] The defendant says that the district court didn't expressly adopt the presentence report. Appellant's Opening Br. at 3–4. The defendant is mistaken because the judgment and sentence says that "[t]he court adopts the presentence investigation report without change." R. vol. II, at 18.

*States v. Henry*, 979 F.3d 1265, 1268–69 (10th Cir. 2020). Under the plain-error standard, we can reverse only if the defendant shows that the alleged error would have been obvious and would have affected a substantial right. *United States v. Vannortwick*, 74 F.4th 1278, 1280–81 (10th Cir. 2023). An error affects substantial rights if there is a reasonable probability that the error affected the outcome of the proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010). In the sentencing context, we ask: Is there a reasonable probability that but for the court's error, the defendant would have received a lesser sentence? *See United States v. Trujillo–Terrazas*, 405 F.3d 814, 819 (10th Cir.2005) (reviewing an application of the sentencing guidelines for plain error). We conclude that the defendant didn't show either an obvious error or an effect on a substantial right.

The defendant points out that state law recognized a felony for discharging firearms. Okla. Stat. tit. 21 § 1289.17A. But he interprets this law to apply only when someone shoots at part of the housing rather than a particular person. At the sentencing, however, defense counsel said that the defendant had "shot out the window, not knowing who was out there." R. vol. III, at 46.

The defendant insists that his attorney's statements didn't constitute *evidence*. Perhaps that's right. But the court could reasonably have considered the statement an *admission*. So the court didn't obviously err by crediting defense counsel's statement that his client had shot at a window

3

in his own apartment. This shooting would have constituted a felony under the defendant's own interpretation of the state law.

Even if the court had committed an obvious error, however, that error wouldn't have affected a substantial right. The defendant argues that he shot at his ex-girlfriend after she had entered his apartment. Appellant's Opening Br. at 7, 12. If the defendant had shot at the ex-girlfriend, as he alleges, he had to point the gun at her. And the pointing of a firearm at someone constitutes a separate felony under state law. Okla. Stat. tit. 21 § 1289.16.

The defendant points out that the state law requires not only the pointing of a firearm, but also the intent to discharge the firearm without a lawful cause. But the government argued that witnesses had reported that

- the defendant and his ex-girlfriend argued,

- the defendant shot at the ex-girlfriend as she left the apartment,

- the ex-girlfriend screamed that the defendant had a gun, and

- broken glass and a 9-millimeter shell casing were found outside the defendant's apartment after the shooting.

The defendant hasn't contested any of this evidence. So even if the district court had obviously erred, the court could reasonably infer all of the elements of a felony involving the pointing of a firearm. With that inference, the alleged error wouldn't have affected a substantial right.

* * *

4

We conclude that the defendant failed to satisfy the plain-error standard because the alleged error wouldn't have been obvious and wouldn't have affected a substantial right. So we affirm the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge